COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


COUNTY OF YORK BUILDING INSPECTION AND
 VIRGINIA MUNICIPAL GROUP SELF-INSURANCE
 ASSOCIATION/VML PROGRAMS

MEMORANDUM OPINION[**]
v.   Record No. 2830-00-1                     PER CURIAM
                                             MARCH 20, 2001
CHARLES TERRY WILLETT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ralph L. Whitt, Jr.; Michael P. Del Bueno;
            Whitt & Associates, on briefs), for
            appellants.

            (W. Mark Broadwell; Forbes & Broadwell, on
            brief), for appellee.


     County of York Building Inspection contends that the

Workers' Compensation Commission erred in finding that Charles

Terry Willett proved that he sustained a closed head/brain

injury as a result of his compensable August 10, 1998 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

     [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In ruling that Willett proved that he sustained a closed head/brain injury as a result of his August 10, 1998 injury by accident, the commission found as follows:

> We note that the claimant apparently
> recovered from his previously diagnosed
> psychiatric problems, and apparently had not
> undergone any mental health treatment for
> approximately 10 years prior to the August
> 10, 1998, injury by accident.  Even if, as
> the defendants allege, the claimant's
> symptoms since his injury were caused by a
> combination of factors, including
> personality disorder, learning disability
> and alcoholism, we agree with Dr. [Cynthia
> Lynn] Warner's assessment that "individuals

- 2 -

with any pre-existing psychological or psychiatric problems are at greater risk for serious sequela following a brain injury." . . . We therefore conclude that the claimant's current disability and need for psychiatric treatment is either directly related to the August 10, 1998, injury by accident, or follows as a compensable aggravation of a pre-existing condition.

Furthermore, we find no error in the Deputy Commissioner's decision to credit the opinion of Dr. Warner over that of Dr. [Edward A. Peck, III].[1] The medical record establishes that Dr. Warner treated the claimant from October 8, 1998, until September 21, 1999, and the December 6, 1999, letter from Dr. Warner to claimant's counsel sets forth the significant amount of psychotherapy the claimant underwent at her direction. In contrast, Dr. Peck saw the claimant twice. We routinely give great weight to the opinion of the treating physician, and we decline the employer's invitation that we credit the opinion of the evaluating physician, Dr. [Peck], over that of the claimant's treating physician. In reaching this conclusion, we also note that the Deputy Commissioner had the opportunity to observe the testimony of Dr. Warner and Dr. Peck as both testified live at the hearing.

(Citations omitted.)

In its role as fact finder, the commission weighed the medical evidence and accepted the opinions of the treating neuropsychologist, Dr. Warner, while rejecting Dr. Peck's

---

[1] The commission's opinion contains the name Dr. Sykes. From a review of the record and a reading of the paragraph in the opinion in context, it is evident that the commission made a clerical error and that the commission meant Dr. Peck not Dr. Sykes. Accordingly, we have substituted Dr. Peck's name for Dr. Sykes' name where it appears.

opinions, as well as all other contrary medical opinions.  The principle is now well established that "[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Accordingly, we hold that Dr. Warner's opinions, coupled with credible evidence regarding Willett's mental status, abilities, and behavior before the August 10, 1998 accident, constitute credible evidence to support the commission's decision.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner, 12 Va. App. at 894, 407 S.E.2d at 35.

For these reasons, we affirm the commission's decision.

Affirmed.